UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAFETY NATIONAL CASUALTY CORPORATION, and AAA BONDING AGENCY, INC.<br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:-5-cv-2159 |

## MEMORANDUM AND ORDER

Plaintiffs have asked the Court to strike from the record Defendant's Summary Exhibits No. 1 and 2, presented to the Court at the October 4, 2007 hearing on the parties' cross-motions for summary judgment. (Docket No. 105.) Plaintiffs argue that the exhibits—two charts summarizing nearly 750 pages of documents filed by the parties as a Joint Appendix and Joint Statement of Facts—are inadmissible under Federal Rule of Evidence 1006. Defendants counter that the charts were offered for demonstrative purposes only and urge the Court to admit or consider them under either Federal Rule of Evidence 1006 or Federal Rule of Evidence 611(a). For the reasons provided below, Plaintiffs' objection is overruled and the Exhibits No. 1 and 2 will be allowed as demonstrative evidence pursuant to Rule 611(a).

Federal Rule of Evidence 1006 allows a party to present the contents of voluminous writings which cannot conveniently be examined in court in the form of a chart as long as the originals are made available for examination or copying by other

parties. FED. R. EVID. 1006. Summary charts admitted under Rule 1006 are introduced into evidence in lieu of the underlying voluminous writings, see United States v. Buck, 324 F.3d 786, 790 (5th Cir. 2003), usually because "in-court review by the jury would be difficult, inconvenient, or impossible." United States v. Meshack, 225 F.3d 556, 581 (5th Cir. 2000).

> Federal Rule of Evidence 611(a), on the other hand, states:
>
> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

FED. R. EVID. 611(a). Although the Rule does not mention demonstrative evidence, the Notes of the Advisory Committee explain that Rule 611(a) "covers such concerns as . . . the use of demonstrative evidence . . . ." Advisory Committee Notes to Rule 611, Notes on 1972 Proposed Furthermore, the Fifth Circuit has found that a district court has discretion to allow organizational or summary charts as demonstrative evidence pursuant to this Rule. See, e.g., United States v. Taylor, 210 F.3d 311, 315 (5th Cir. 2000) ("[A]llowing the use of charts as 'pedagogical' devices intended to present the government's version of the case is within the bounds of the trial court's discretion to control the presentation of evidence under Rule 611(a)."); United States v. Posada-Rios, 158 F.3d 832, 869 (5th Cir. 1998) ("We are satisfied that Fed. R. Evid. 611(a) afforded the district court discretion to allow the government to use the summary charts and organizational charts."). In contrast to the summaries governed by Rule 1006,

demonstrative evidence charts are "not to be considered as evidence, but only as an aid in evaluating evidence." United States v. Harms, 442 F.3d 367, 375 (5th Cir. 2006); see also United States v. Buck, 324 F.3d 786, 790 (5th Cir. 2003) (distinguishing charts and summaries admitted as evidence under Rule 1006 from those "'used only for demonstrative purposes to clarify or amplify argument based on evidence that has already been admitted. . . .'" (citing 5 Stephen A. Saltzburg et al., Federal Rules of Evidence Manual § 1006.02[5], at 1006-6 (8th ed. 2002)). Demonstrative, pedagogical charts may only be presented under Rule 611(a), however, "if they are consistent with the evidence and not misleading." Harms, 442 F.3d at 791.

Defendants do not ask the Court to accept the charts at issue into evidence, but instead offer them to clarify other documents properly before the Court. As such, the Court need not consider their admissibility under Rule 1006. See Posada-Rios, 158 F.3d at 869 ("Where, as here, the party using the charts does not offer them into evidence, their use at trial is not governed by Fed. R. Evid. 1006."). The Court instead finds that the charts should be allowed as demonstrative evidence under Rule 611(a).[1] The Court will only consider the charts as a supplementary aid intended to present Defendants' version of the case. The Court assures Plaintiffs that it will fully consider the underlying documents provided in the Joint Appendix and Joint Statement of Facts and parties' briefing as the basis for its final decision. To the extent that the information represented in the charts might be inconsistent with the information submitted in the Joint Appendix, the Court will disregard the information in the charts. The Court notes that decisions on summary judgment are by the Court and not by jury trial, and considers the potential for

---

[1] The Court recognizes that the charts were offered at a motion hearing and not at trial, but sees no reason not to allow demonstrative evidence in the hearing context, as well. In fact, the likelihood for prejudice is reduced in the context of a motion hearing.

prejudice to the Plaintiffs to be minimal. For these reasons, and given the extensive briefing already filed in support of these motions, the Court does not believe that Plaintiffs need to further address any alleged inaccuracies or misstatements in the charts.

Plaintiff's objections are therefore overruled and Defendant's Exhibits No. 1 and No. 2 are allowed pursuant to Rule 611(a) for demonstrative purposes only.

**IT IS SO ORDERED.**

SIGNED this 22nd day of October, 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT