UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAFETY NATIONAL CASUALTY CORPORATION and AAA BONDING AGENCY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § §  CIVIL ACTION NO. H-05-cv-2159 |

## FINAL JUDGMENT ORDER

Pursuant to Federal Rules of Civil Procedure 54(b) and 58, Defendants now move for final judgment as to six bonds previously adjudicated in this Court's May 28, 2010 Order ("May 2010 Order") (Doc. No. 166) ("Six Bonds"). In making a determination as to whether final judgment is appropriate under Rule 54(b), a Court must first determine whether its decision was final in the sense that it is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). A court must then determine whether there is just reason for delay. *Id*. at 8. Judicial discretion in this regard is to be exercised "in the interest of sound judicial administration." *Id*.

This Court's May 2010 Order makes clear that its determination as to the Six Bonds was indeed final. For two of these bonds, the Court found in favor of Defendants, and the amounts owed on these bonds is now due. For the remaining four bonds, the

Court found in favor of Plaintiffs, and the bonds were remanded back to the Department of Homeland Security ("DHS") for action not inconsistent with the Court's opinion. Plaintiffs correctly point out that DHS's decision with respect to how these four bonds will be handled, and whether they will be rescinded or cancelled, is not entirely clear. What is important for purposes of Rule 54(b), however, is that the Court has now made the necessary and dispositive legal determinations that will constrain and guide DHS action going forward.

Moreover, the Court cannot conclude that future developments in this case will have any effect upon its holding with respect to these bonds. Although the Court appreciates that appeal of these issues to the Fifth Circuit in a piecemeal fashion is not ideal, the Court is confident that the parties, as well as the Court of Appeals, will invoke all necessary procedures to ensure that review of this Court's determinations can occur in a comprehensive and efficient manner. It continues to be apparent that allowing the parties more time to attempt to reach an agreement regarding certification of certain issues, as Plaintiffs suggest, will be fruitless. Accordingly, the Court finds no reason to delay judgment on these Six Bonds.

Accordingly, Defendants' Motion for Final Judgment (Doc. No. 166) is hereby **GRANTED**. Final judgment as two of the previously adjudicated bonds that are the subject of this Motion—the Bueno and Gutiererz-Mejia bonds—is hereby **ENTERED** in favor of Defendants. The amounts owed under these bonds are now due. Final judgment as to the remaining four bonds is hereby **ENTERED** in favor of Plaintiffs, and DHS will take action with respect to these bonds that is not inconsistent with the Court's holdings.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 10th day of August, 2010.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**