UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AAA BONDING AGENCY, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | Civ. No. 4:05-cv-2159 |
| § | |
| UNITED STATES DEPARTMENT OF § | |
| HOMELAND SECURITY, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

The following motions are now pending before the Court: (1) a Motion for Summary Judgment, filed by the United States Department of Homeland Security ("DHS") against AAA Bonding Agency, Inc. ("AAA Bonding"); (2) a Motion for Summary Judgment, filed by AAA Bonding against DHS; and (3) a Motion to Strike filed by AAA Bonding against a declaration offered by DHS. After considering these motions, all responses thereto, and the applicable law, the Court finds that DHS's Motion for Summary Judgment against AAA Bonding must be GRANTED as to all but one of the disputed bonds. For Delcid-Perdomo's bond, DHS's Motion for Summary Judgment must be DENIED and REMANDED to the Agency for further consideration. AAA Bonding's Motion for Summary Judgment and Motion to Strike must be DENIED.

    **I.**    **BACKGROUND**

This lawsuit originally involved Safety National Casualty Corporation ("Safety National"), a surety company authorized by the Department of Treasury to issue

1

immigration delivery bonds, AAA Bonding, Safety National's authorized agent, and the Department of Homeland Security ("DHS"). Safety National and AAA Bonding had entered into a number of bail bond contracts for the purpose of procuring the release of undocumented immigrants from DHS custody by guaranteeing their appearance at the termination of immigration proceedings. DHS determined, and the Administrative Appeals Office ("AAO") affirmed, more than 1400 breaches of these bond contracts. In June 2005, Safety National and AAA Bonding filed this action to challenge DHS's determination of the bond breaches. DHS filed a counterclaim in September 2005, demanding payment on 1,421 bonds.

This Court has, on four prior occasions, detailed the procedural and factual background of the case. (Docs. No. 113, 140, 159, 240.) The relevant history for the present motions concerns the "notice to both" defense. This Court held that "notice to both," when selected on the I-352 Bond Contract, was a condition precedent to the obligors' performance. (Doc. No. 113 at 28.) Accordingly, Safety National and AAA Bonding were not obligated under the contract if they had requested that DHS deliver notice to both obligors, but DHS had sent notice to only one. The Fifth Circuit reversed and held that "notice to both" was not a condition precedent to performance. *AAA Bonding Agency, Inc. v. United States Dep't of Homeland Sec.*, 447 Fed. App'x 603, 609-10 (5th Cir. 2011). If DHS provided notice to only one obligor, that obligor – and only that obligor – could be held liable. *Id.*

This Court reviewed six bonds in light of the Fifth Circuit's decision in March 2012. (Doc. No. 240.) The parties did not dispute that only AAA Bonding received proper notice for all six bonds. (*Id.* at 9 and 14.)   DHS argued that the Bond Contract

2

imposed joint and several liability on Safety National even if they had not received a demand notice. (*Id.* at 12-14.) The Court rejected this argument. (*Id.* at 13-14.) It awarded judgment to DHS against AAA Bonding, but not Safety National. (*Id.* at 15.)

DHS and Safety National subsequently reached a Settlement Agreement and the Court dismissed Safety National from the case. (Doc. No. 263.) Meanwhile, DHS and AAA Bonding continued to review bonds under the Agreed Procedures (which has been described in earlier opinions). The Parties alerted the Court to a dispute over 26 bonds (Doc. No. 265 at 2), but DHS decided to pursue only 24 (Doc. No. 267). Those 24 bonds are the subject of the Parties' pending Cross Motions for Summary Judgment.

## II.     LEGAL STANDARD

Summary judgment is proper when there is no genuine dispute as to any material fact of a case and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court can consider any evidence in "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001). The Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Crawford*, 234 F.3d at 902. Cross motions for summary judgment do not alter the basic Rule 56 standard; instead, the Court must determine whether either of the parties deserves judgment.

When reviewing summary judgment motions concerning agency action, the Court asks "not whether the material facts are disputed, but whether the agency properly dealt

with the facts." *Lodge Tower Condo. Ass'n v. Lodge Prop., Inc.*, 880 F. Supp. 1370, 1374 (D. Colo. 1995); *see also Sierra Club v. Fed. Highway Admin.*, 715 F. Supp. 2d 721, 727 (S.D. Tex. 2010), *aff'd*, 435 F. App'x 368 (5th Cir. 2011). In this case, the Court will review whether the agency's bond breach determinations were arbitrary or capricious. 5 U.S.C. § 706(2)(A). "Arbitrary and capricious review focuses on whether an agency articulated a rational connection between the facts found and the decision made." *Pension Benefit Guar. Corp. v. Wilson N. Jones Mem'l Hosp.*, 374 F.3d 362, 366 (5th Cir. 2004).

### III.  ANALYSIS

It is undisputed that AAA Bonding is a co-obligor on each of the 24 disputed bonds. For each bond, the record includes a demand notice requiring the obligor to present the bonded individual at a specific date, time, and place. Each notice is addressed to AAA Bonding.[1] Twenty-three of the bond records include a signed return receipt on delivery of the demand notice to AAA Bonding's address.[2] It is undisputed that AAA Bonding failed to deliver the named individual for any of the underlying bonds.

The Fifth Circuit made clear that DHS can enforce a bond breach determination against any obligor who received a demand notice and failed to produce the named individual. *AAA Bonding Agency Inc. v. United States Dep't of Homeland Sec.*, 447 Fed.

---

[1] All of the notices used AAA Bonding's address in Houston. Some of the notices named only AAA Bonding as the recipient. Other notices named both AAA Bonding and Safety National as the recipients, but included only AAA Bonding's address. The demand notice for Avila-Valladares named only Safety National as the recipient, but used AAA Bonding's address. (3rd Jt. App. at 180.) The delivery receipt for this bond also named only Safety National as the recipient, but used AAA Bonding's address. (3rd Jt. App. at 183.) Since Plaintiff has not contested the delivery of this bond, receipt is assumed.

[2] 3rd Jt. App. at 10 (Lovos Chicas), 34 (Orosco-Cano), 56 (Guerra Lopez), 83 (Sibrian Morales), 105 (Becerra-Garcia), 130 (Rivera-Solis), 156 (Klak), 183 (Avila-Valladares), 211 (San Pablo-Mota), 236 (Posso-Beroga), 262 (Leon-Lopez), 290 (Hernandez), 319 (Avila-Lopez), 346 (Vasquez-Melara), 0370 (Mendes-Aparecido), 396 (Barahona-Lemus), 444 (Hernandez), 472 (Frabrecio-Zarrabio), 499 (Martinez-Oseguera), 531 (Perez Pineda), 556 (Lumby-Dubon), 584 (Banegas), and 612 (Milla Diaz).

App'x 603, 609-10 (5th Cir. 2011). DHS asserts that it is entitled to summary judgment as a matter of law based on these undisputed facts. AAA Bonding raises three defenses to DHS's Motion for Summary Judgment. First, AAA Bonding contests the delivery of the demand notice in regard to the Delcid-Perdomo bond (A97 316 238). Second, AAA Bonding contests the enforceability of 21 bonds under the Paperwork Reduction Act. Third, AAA Bonding contests DHS's subsequent demand for payment for all 24 bonds. In addition, AAA Bonding moves for summary judgment against DHS on the basis of DHS's recent settlement agreement with Safety National. Each argument will be considered in turn below.

### A. Delivery of Demand Notices

AAA Bonding argues that DHS has not proven delivery of the demand notice for Delcid-Perdomo. The record for Delcid-Perdomo's bond shows that DHS sent AAA Bonding the demand notice by certified mail, return receipt requested, but does not include the return receipt. Certified mail loses the presumption of delivery if the sender requested, but did not receive, the return receipt. *Mulder v. Comm'r of Internal Revenue*, 855 F.2d 208, 212 (5th Cir. 1988); *Lundy v. United States*, 2007 WL 655756 at *5 (S.D. Tex. Feb. 27, 2007). The agency, and the reviewing court, must find other evidence of delivery in the record. *See In re Obligor*, 2003 WL 21000163 at *2 (DHS Office of Admin. Appeals Feb. 11, 2003) (finding insufficient evidence of delivery when "[t]he record fail[ed] to contain the domestic return receipt . . . *or* to indicate that the obligor had received the notice to produce the bonded alien." (emphasis added)).

Instead of a return receipt, the record for Delcid-Perdomo's bond includes a printout from the Postal Service's online "Track & Confirm" system. The "Track &

Confirm" printout shows that mail bearing the same certified mail number as the demand notice was "delivered at 11:00 am on April 22, 2004 in HOUSTON, TX 77057." (3rd Jt. App. at 419.) Without discussion, the Agency concluded that the "track and confirmation receipt indicates the obligor received notice to produce the bonded alien." (3rd Jt App. at 433.)

The Northern District of California recently highlighted the possible pitfalls of relying on a "Track & Confirm" printout. In that case, the plaintiff offered a "Track & Confirm" printout as proof that he had filed a timely EEOC administrative complaint. *Hemenway v. Shinseki*, 2012 WL 2792440, at *5 (N.D. Cal. July 9, 2012). The court found that the printout "demonstrates only that someone mailed something . . . to Washington, D.C., somewhere in the same zip code as the VA's OEDCA [Office of Employment Discrimination Complaint Adjudication], in September 2007." *Id.* at 9. Importantly, "[i]t does not clarify what that something was, who mailed it, or to whom it was mailed." *Id.*

The record for Delcid-Perdomo's bond provides more information than the record before the Northern District of California in *Hemenway*. The certified mail number on the "Track & Confirm" printout (3rd Jt. App. at 419) can be matched to the same number appearing on the demand letter itself (3rd Jt. App. at 415) and the receipt for certified mail (3rd Jt. App. at 418). The printout thus clarifies what was mailed and who mailed it. The printout does not, however, clarify to what address the demand letter was mailed. The demand letter bears the correct address for AAA Bonding, but the receipt for certified mail does not. *Compare* 3rd Jt. App. at 415 (6309-A Skyline Dr. Houston, TX 77057) *with* 3rd Jt. App. at 418 (69309-A Skyline Drive, Houston, TX 77057). It is

unclear what the effects of this error would have been on the delivery of the notice. The confirmation printout only confirms delivery somewhere within the 77057 zip code.

The "Track & Confirm" printout is not insufficient as a matter of law. Courts have found the electronic confirmation to be sufficient proof of actual delivery. *See, e.g.*, *Masuku v. Bank of America*, 2012 WL 3528006 (S.D. Tex. Aug. 14, 2012); *El-Aheidab v. Citibank*, 2012 WL 506473 (N.D. Cal. Feb. 15, 2012). However, evidence exists in this record to raise a material dispute as to delivery. The Court finds the AAO's failure to consider the conflicting evidence in the record to be arbitrary and capricious. DHS's Motion for Summary Judgment on this bond must be **DENIED**. This bond is **REMANDED** to the Agency for further consideration not inconsistent with this opinion.

### B. The Paperwork Reduction Act

AAA Bonding asserts that the Paperwork Reduction Act ("PRA") shields them from any penalty resulting from their breach of 21 bond agreements. The PRA is designed to "minimize the paperwork burden" created by the information demands of the Federal Government. 44 U.S.C. § 3501(1). Under the Act's framework, the Office of Management and Budget (OMB) must approve any agency's "information collection request" and provide it with a "control number." 44 U.S.C. § 3507(a). To protect the public from improper information requests, the PRA states that "no person shall be subject to any penalty for failing to comply with a collection of information . . . if the collection of information does not display a valid control number. . ." 44 U.S.C. § 3512(a)(1).

The Immigration Bond, the I-352 form, is undoubtedly an information collection request that should be labeled with a valid control number. DHS's OMB number

changed from "0115-0085" to "1653-022" on March 1, 2003.  AAA Bonding highlights 18 bonds posted after this date that bear the previous OMB number.  They claim to be protected from any penalty assessed on these bonds by the PRA's "Public Protection" provision.

AAA Bonding's attempt to stretch the Public Protection provision to apply to their breach of the immigration bonds is unavailing.  The Act protects individuals who fail to provide information requested by the Federal Government in violation of the PRA's requirements.  44 U.S.C. § 3512(a); *see, e.g.*, *United States v. Smith*, 866 F.2d 1092 (9th Cir. 1989).  This protection is limited in its scope.  The Act "only protects individuals who fail to file information." *United States v. Sasser*, 974 F.2d 1544, 1554 (10th Cir. 1992).  Parties cannot claim the PRA's protection when they provided the government with false information even if the underlying forms violated the Act.  *Id;* *United States v. Weiss*, 914 F.2d 1514, 1521-22 (2nd Cir. 1990).  Likewise, AAA Bonding cannot claim the PRA's protection when they breached a bond agreement even if the underlying forms carried outdated OMB numbers.

AAA Bonding's reliance on *Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 244 F.3d 144 (D.C. Cir. 2001), is misplaced.  In that case, the D.C. Circuit explained the impact of the Public Protection provision as vitiating the mandatory nature of an information request.  A "request for information can be ignored without penalty" if the request failed to conform to the dictates of the PRA.  *Id.* at 148.  Here, AAA Bonding does not seek to ignore the request for information, but the subsequent contract that it entered and breached.

AAA Bonding claims that they cannot be penalized for their breach of another three bonds that used outdated forms. Nothing in the Public Protection provision applies to outdated forms rather than outdated OMB numbers. In any case, the same narrow application of the provision would provide AAA Bonding no solace.

### C. Transmission of Invoices

AAA Bonding claims that payment is not "currently due" for bonds that it breached since DHS failed to send AAA Bonding payment invoices. DHS attached a sworn declaration of Lori Genest to contradict this assertion without asking for leave to file a supplemental affidavit. (*See* Def.'s Reply, Doc. No. 278-A.) AAA Bonding moved to strike the declaration. (Pl. Mot. Strike, Doc. No. 282 at 2.) In the alternative, AAA Bonding asked the Court to consider its attached declaration of Juan Mendoza. (*Id.* at 3.) The Court will consider both affidavits. AAA Bonding' Motion to Strike is **DENIED**.

According to the Bond Contract, DHS must send the obligor a demand for payment after the breach determination is finalized. (I-352, General Terms and Conditions.) A copy of an invoice demanding payment is present in the record for each of the 24 bonds. (Def.'s Mot. for Summ. J., Doc. No. 271-B.) Each invoice includes an address for Safety National at the top of the page and an address for AAA Bonding in the middle of the page. (*Id.*) Genest explained that the invoices were strategically designed so that either address could appear in the envelope window depending on how the invoice was folded. (Def.'s Reply, Doc. No. 278-A at 2.) Genest stated that "the standard operating procedure . . . has been for the Bonds Branch to mail invoices for breached surety bonds to both the surety company and the agent, provided that both companies are still in business." (*Id.* at 1.)

9

AAA Bonding offers two pieces of evidence in support of its contention that the invoices were not sent to AAA Bonding.  First, AAA Bonding argues that the invoices were improperly addressed to Safety National.  (Pl. Response to Def.'s Mot. Summ. J., Doc. No. 275 at 13.)  As described above, this is directly contradicted by the invoices in the record that bear AAA Bonding's address.  Second, Mendoza claims that AAA Bonding "has not received invoices from DHS" for these 24 bonds and many others.  (Pl. Mot. Strike, Doc. No. 282-A at 2.)  This is irrelevant.  The issue is whether DHS sent the invoices, not whether AAA Bonding received them.  AAA Bonding's evidence is insufficient to raise a question of fact on this issue.  The evidence in the record that DHS sent the notices remains uncontradicted.

### D.  Effect of DHS's Settlement with Safety National

AAA Bonding asserts that the recent settlement agreement between DHS and Safety National entitles AAA Bonding to summary judgment.  After almost eight years of litigation, DHS and Safety National settled "all claims arising out of or related to the Mediation Bonds and Litigation Bonds . . . as well as from all claims made against each other in the Pending Lawsuits."  (Def.'s Supp. Br., Doc. No. 285 at 3.)  AAA Bonding was not a party to the Settlement Agreement.  (Pl. Mot. Summ. J., Doc. No. 272-A.)  Nevertheless, the Settlement Agreement expressly releases AAA Bonding from liability for any bond for which AAA Bonding and Safety National would have been jointly and severally liable.  (*Id.* at ¶ 7.)

It is undisputed that the Settlement Agreement included the 24 bonds at issue in this litigation.[3]  The settlement of these 24 debts does not establish Safety National's

---

[3] The Court can find only 22 of the 24 disputed bonds in the spreadsheet attached to the Settlement Agreement.  The bonds for Avila-Lopez (No. 078953983) and Frabrecio-Zarrabio (No. 097336373) are not

liability for the same.  DHS explained that "[t]he Settlement Agreement focused on the resolution of disputes between the United States and Safety, not on the final resolution of individual bond debts." (Def.'s Supp. Br., Doc. No. 285 at 4.)  To that end, the Agreement included "all of Safety's potential liability in this litigation, even for bond debts unenforceable against it under the Fifth Circuit's decision." (*Id.*)

The Fifth Circuit held that a bond breach determination was only enforceable against an obligor that received a demand notice.  *AAA Bonding Agency Inc. v. United States Dep't of Homeland Sec.*, 447 Fed. App'x 603, 609-10 (5th Cir. 2011).  This holding established four categories of bond debts potentially at issue: (1) bond debts owed by AAA Bonding alone (DHS provided the required notice to AAA Bonding, but not to Safety National); (2) bond debts owed by Safety National alone (DHS provided the required notice to Safety National, but not to AAA Bonding); (3) bond debts owed by Safety National and AAA Bonding jointly (DHS provided the required notice to both Safety National and AAA Bonding); and (4) debts owed by neither Safety National nor AAA Bonding (DHS failed to provide the required notice to Safety National and AAA Bonding).  Since there is no evidence in the record that Safety National received a demand notice for any of the disputed bonds, they cannot be held jointly and severally liable.[4]  *See id.*

---

included.  Since both sides agree that the Settlement Agreement applies to all 24 bonds (Pl. Mot. Summ. J., Doc. No. 272 at 5; Def's Supp. Br., Doc. No. 285 at 3), the issue is treated as undisputed.

[4] AAA Bonding has failed to produce any evidence to the contrary.  In its response to DHS's Motion for Summary Judgment, AAA Bonding asserts that Safety National's receipt of demand notices is a genuine fact issue.  AAA Bonding claims that "DHS' files actually show that Safety did get notice." (Pl. Resp. to Def.'s Mot. Summ. J., Doc. No. 275 at 7.)  AAA Bonding cites to 14 demand notices (as well as 14 irrelevant notices of breach).  All 14 of the demand notices use the address provided for AAA Bonding, not for Safety National.  Even though Safety National is named as a recipient, the notices were sent to AAA Bonding's address.  Seven of the notices include a small carbon copy notation with the correct address for Safety National at the bottom of the demand notice.  There is no evidence in the record that these seven notices were actually mailed to Safety National at the correct address.  AAA Bonding has failed to establish

AAA Bonding contests the possibility of being held independently liable for any of the bonds. Plaintiff argues that the language of the I-352 Bond Contract renders evidence of the demand notices irrelevant to the question of joint and several liability. (Pl.'s Mot. Summ. J., Doc. No. 272 at 10.) Specifically, the Bond Contract states that "[a] co-obligor shall be jointly and severally liable with the surety for any breach of this bond agreement." (I-352, Instructions.) As such, AAA Bonding asserts that they are jointly and severally liable for the disputed bonds with Safety National and thus released under the terms of the Settlement Agreement.

DHS previously highlighted the same language in the Bond Contract concerning joint and several liability. DHS argued that they could hold Safety National liable, even if it did not receive a demand notice, since it was jointly and severally liable with AAA Bonding, which did receive a demand notice. (Def.'s Cross Mot. Final J., Doc. No. 223 at 3.) This Court held that the Fifth Circuit had "considered, and dispensed with," this argument. (Doc. No. 240 at 14.) AAA Bonding's attempt to raise the same argument must be rebuffed for the same reasons. The Fifth Circuit's holding left no doubt that an obligor's liability turns on the receipt of a demand notice. *AAA Bonding Agency*, 447 Fed. App'x at 609-10. Only the obligor who received notice can be held liable for the bond's breach. (*Id.*) Joint and several liability does not change this outcome. Just as DHS could not invoke joint and several liability to hold Safety National liable when it did not receive notice, AAA Bonding cannot invoke joint and several liability to escape

---

a genuine fact issue sufficient to defeat DHS's Motion for Summary Judgment. As the Fifth Circuit noted, "[t]he nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence." *Diaz v. Superior Energy Serv. LLC*, 341 Fed. Appx. 26, 28 (5th Cir. 2009).

liability when it did receive notice. AAA Bonding's Motion for Summary Judgment must be **DENIED**.

In the alternative, AAA Bonding asserts that it is entitled to a settlement credit for Safety National's $5.25 million payment to DHS. A defendant is entitled to a settlement credit when a joint tortfeasor settles with the plaintiff. *Westinghouse Credit Corp. v. M/V New Orleans*, 39 F.3d 553, 554 (5th Cir. 1994). In such a case, a nonsettling defendant must show that "the plaintiff settled with another party the claim on which the nonsettling defendant is liable." *Matter of Texas General Petroleum Corp.*, 52 F.3d 1330, 1340 (5th Cir. 1995). The burden then shifts to the plaintiff to disprove any risk of double recovery. *Id.* This rule is inapplicable to the present case where AAA Bonding is individually liable on all of the disputed bonds. *See, e.g.*, *Dobson v. Camden*, 725 F.2d 1003, 1006 (5th Cir. 1984). There is no risk of double recovery for DHS since Safety National could not have been held liable on the underlying bonds.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that DHS's Motion for Summary Judgment against AAA Bonding must be **GRANTED** for all bonds except for that of Delcid-Perdomo. DHS's Motion for Summary Judgment against AAA Bonding must be **DENIED** for Delcid-Perdomo's bond. AAA's Motion for Summary Judgment against DHS must be **DENIED**. In addition, AAA's Motion to Strike the sworn declaration of Lori Genest must be **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 26th day of September, 2013.

_____

**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**