UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AAA BONDING AGENCY, INC., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | Civ. No. 4:05-cv-2159 |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| HOMELAND SECURITY, *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

The following motions are pending before this Court: (1) a Motion to Dismiss the Counterclaim and Complaint, filed by the United States Department of Homeland Security ("DHS"); (2) a Motion for Judgment, filed by AAA Bonding Agency, Inc. ("AAA Bonding"); and (3) a Motion for Repayment, also filed by AAA Bonding. After considering the submissions of the parties and the applicable law, this Court finds that the Motion to Dismiss (Doc. No. 309) should be granted in part and denied in part: it should be granted with regard to the counterclaim and denied with regard to the complaint. The Motion for Repayment and the Motion for Judgment are deferred to allow for further briefing by the parties.

## I.   BACKGROUND

This Court has, on four prior occasions, detailed the procedural and factual background of this lawsuit. (Docs. No. 113, 140, 159, 240.) The case originally involved Safety National Casualty Corporation ("Safety National"), a surety company authorized by the Department of Treasury to issue immigration delivery bonds, AAA Bonding, Safety National's authorized agent, and DHS. Safety National and AAA Bonding had entered into a number of bail bond contracts for the purpose of procuring the release of undocumented immigrants from DHS

custody by guaranteeing their appearance at the termination of immigration proceedings.  DHS determined, and the Administrative Appeals Office affirmed, more than 1,400 breaches of these bond contracts.   Safety National and AAA Bonding filed this action to challenge DHS's determination of the bond breaches.  DHS filed a counterclaim demanding payment on 1,421 bonds.

After years of litigation, DHS and Safety National reached a Settlement Agreement and the Court dismissed Safety National from the case.  (Doc. No. 263.)  Meanwhile, DHS and AAA Bonding continued to review bonds under the Agreed Procedures (which have been described in earlier opinions).  The Parties alerted the Court to a dispute over 26 bonds (Doc. No. 265 at 2), but DHS decided to pursue only 24 (Doc. No. 267).  Those 24 bonds were the subject of the Parties' Cross Motions for Summary Judgment.  This Court granted DHS's Motion for Summary Judgment for all but one of the bonds.  (Doc. No. 286.)  The Fifth Circuit reversed and held that the Settlement Agreement between DHS and Safety National released AAA Bonding from liability for the bonds covered by the settlement.  *AAA Bonding Agency, Inc. v. U.S. Dep't of Homeland Sec.*, 596 Fed. Appx. 294 (5th Cir. 2015).

DHS subsequently filed its Motion to Dismiss the Counterclaim and Complaint pursuant to Federal Rule of Civil Procedure 41(a)(2).  (Doc. No. 309.)  AAA Bonding opposed that Motion and filed its Motion for Judgment and Motion for Repayment.  (Doc. No. 314.)  AAA Bonding seeks:

1) "judgment in its favor and denial of the dismissal sought by DHS";

2) "judgment in its favor reflecting full release of liability";

3) "that the release reflected in the judgment should apply to all bonds encompassed by the settlement . . ."; and

4) "return of payment that AAA Bonding made on bonds for which it is not liable."

Pl.'s Mot. for Judgment 1–2.  Specifically, AAA Bonding seeks reimbursement for $1,008,310.51 that it paid to DHS in four installments, between October of 2012 and January of 2013, in connection with the Agreed Procedures.[1]

## II.    MOTION TO DISMISS UNDER RULE 41(a)(2)

Federal Rule of Civil Procedure 41(a)(2) states that, once a responsive pleading has been served, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  This also applies to the dismissal of a defendant's counterclaim. Fed. R. Civ. P. 42(c).  Whether to grant a Rule 41(a)(2) motion is committed to the district court's discretion.  *Hyde v. Hoffmann–La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007). "Unless the order states otherwise, [the dismissal] is without prejudice."  Fed. R. Civ. P. 42(a)(2).  Dismissal without prejudice is generally upheld "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."  *Hoffmann–La Roche, Inc.*, 511 F.3d at 509 (quoting *Ikospentakis v. Thalassic Steamship Agency*, 915 F.2d 176, 177 (5th Cir. 1990)).  "A plaintiff's voluntary dismissal may substantially prejudice the defendant if it effectively strips him of a defense that would otherwise be available.  That [the] plaintiff may obtain some tactical advantage over the defendant in future litigation is not ordinarily a bar to dismissal."  *Ikospentakis*, 915 F.2d at 177–78.  When a court finds that dismissal without prejudice would harm the defendant, as contemplated in *Hyde v. Hoffmann–La Roche, Inc.* and *Ikospentakis*, dismissal with prejudice is a potential solution.  In *Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 269 (5th Cir. 2012), for example, the Fifth Circuit found that a dismissal without prejudice would "cause plain legal prejudice" to the defendant, so the appellate court modified the district court's judgment and dismissed the suit with prejudice.

---

[1] Those payments were made before DHS and Safety National executed their Settlement Agreement.

When a party dismisses its own action with prejudice, it operates as a final adjudication on the merits and has res judicata effect. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2364 (3d ed.) (A voluntary dismissal with prejudice "is a complete adjudication of the claims and a bar to a further action on them between the parties . . .").

Although AAA Bonding opposes the voluntary dismissal, with prejudice, of DHS's counterclaim, it is in fact the most comprehensive relief available to AAA Bonding. The motion for voluntary dismissal must be granted with regard to DHS's counterclaim, and the counterclaim is dismissed with prejudice. The complaint, however, is a different matter. A defendant cannot voluntarily dismiss a plaintiff's action under Rule 41(a)(2). DHS's Motion to Dismiss must be denied with regard to the complaint.

## III.   MOTION FOR REPAYMENT

AAA Bonding made the four payments to DHS, totaling $1,008,310.51, before the Settlement Agreement had been executed and the Fifth Circuit had ruled on its effects, at a time when all parties believed—mistakenly—that AAA Bonding could be solely liable for a bond. The payments were made under a mistake of law, but they were made voluntarily. Although AAA Bonding complains that Safety National and DHS "surreptitiously excluded" AAA Bonding from settlement discussions between Safety National and DHS, AAA Bonding has identified no duress or compulsion in making the payments, nor has it established any fraud. Pl.'s Mot. for Judgment 4 (Doc. No. 314).

DHS argues that the voluntary payment doctrine bars AAA Bonding's recovery of the $1,008,310.51. AAA Bonding argues that it should recover the money that it paid to DHS for the bonds, but in its briefs, AAA Bonding does not reference any legal authority to rebut DHS's position regarding the voluntary payment doctrine. Parties are invited to submit additional

4

briefing on this point, and are directed to cite to specific case law or other legal authority, if it exists, to support their contentions.

## IV.     CONCLUSION

For the foregoing reasons, the United States Department of Homeland Security's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.  AAA Bonding Agency, Inc.'s Motion for Judgment and Motion for Repayment are **DEFERRED**.  Parties have ten days to submit briefing on the voluntary payment doctrine, citing legal authority, and to submit proposed orders of final judgment consistent with this order and the Fifth Circuit's rulings.  Finally, along with their proposed orders, parties should submit additional briefing that specifically addresses the scope of this Court's remaining jurisdiction now that the counterclaim has been dismissed; namely, which bonds, if any, are still before this Court for the purpose of final judgment.

**IT IS SO ORDERED.**

**SIGNED** on this the 24th day of September, 2015.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE