Case 4:05-cv-02159 Document 325 Filed in TXSD on 11/11/15 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 12, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AAA BONDING AGENCY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Civ. No. 4:05-cv-2159 |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| HOMELAND SECURITY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

In this Court's Memorandum and Order of September 24th, 2015 and Order of November 2nd, 2015, the parties were asked to submit supplemental briefing regarding AAA Bonding Agency, Inc.'s ("AAA Bonding") Motion for Repayment. After considering all the submissions of the parties and the applicable law, the Court concludes that the Motion for Repayment (Doc. No. 314) should be denied. As all the bond breaches before this Court have now been adjudicated, the parties are ordered to submit a proposed order of final judgment, consistent with this ruling and the prior rulings of this Court and the Fifth Circuit, no later than November 23rd, 2015.

AAA Bonding seeks reimbursement for $1,008,310.51 that it paid to the United States Department of Homeland Security ("DHS") in four installments, between October of 2012 and January of 2013, in connection with the Agreed Procedures established in the alternative dispute resolution process. The payments were made before DHS and Safety National Casualty Corporation ("Safety National") executed their Settlement Agreement. AAA Bonding claims, however, that the payments were made while DHS and Safety National were involved in secret negotiations over the resolution of the bonds. As a result, AAA Bonding argues (1) that the

1

payments were made "without full knowledge of the facts at the onset and also without knowledge of the later contingency that emulated from the settlement between Safety and DHS," and (2) that the concealment of those negotiations from AAA Bonding constituted fraud. Doc. No. 320 at 5.

Absent a mistake of fact, voluntary payments made as final settlement of debts cannot be recovered, even if the debts were not legally due at the time of payment. *Genesis Ins. Co. v. Wausau Ins. Cos.*, 343 F.3d 733, 736 (5th Cir. 2003); *see also Gulf Oil Corp. v. Lone Star Producing Co.*, 322 F.2d 28, 31 (5th Cir. 1963) ("Gulf Oil does not and cannot dispute the principle that, even though it was under no legal obligation to make the overpayments, if the money was voluntarily paid, with full knowledge of all the facts, it cannot be recovered."). This rule applies with equal force to payments made to the federal government. *United States v. Edmondston*, 181 U.S. 500, 510–11 (1901). Money paid under a mistake of fact can be recovered, *see Gulf Oil Corp.*, 322 F.2d at 31, but money paid under a mistake of law is not recoverable unless a party demonstrates that the money was paid under fraud, duress, or compulsion. "[U]ncertainty about the facts, irrespective of the reason for such uncertainty, is not the equivalent of a mistake of fact." *Chris Albritton Const. Co. v. Pitney Bowes Inc.*, 304 F.3d 527, 531–32 (5th Cir. 2002).

Based on the evidence submitted, this Court finds that DHS's behavior did not constitute fraud. When AAA Bonding asked DHS "whether the bond review process [was] continuing with Safety" in January of 2013, counsel for DHS replied: "Safety National's current participation in the Agreed Procedures is part of the government's ongoing negotiations with Safety. Safety does not wish it disclosed, and I cannot comment on it." Doc. No. 320-8 at 1. The evidence does not show any material misrepresentations by DHS, and DHS did not have a

duty to disclose details of its negotiations with Safety National to AAA Bonding. Furthermore, neither the future settlement between DHS and Safety National nor uncertainty about the other parties' negotiations constituted a mistake of fact at the time AAA Bonding made the payments.

For the foregoing reasons, AAA Bonding's Motion for Repayment is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** on this the 11th day of November, 2015.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE